# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| TIFFANY HARRIS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCY HEALTH NETWORK, INC.,<br><br>Defendant. | **CASE NO: 4:23-cv-00195-SHL-SBJ** |
| JENNIFER MEDENBLIK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRINITY HEALTH CORPORATION, et al.,<br><br>Defendant. | **CASE NO: 4:23-cv-00197-SHL-SBJ** |
| REBECCA OBERDORF, *et al.*, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRINITY HEALTH CORPORATION, et al.,<br><br>Defendant. | **CASE NO: 4:23-cv-00235-SHL-SBJ** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED AMENDED MOTION TO CONSOLIDATE THE RELATED ACTIONS

Pursuant to Federal Rule of Civil Procedure 42(a)(2), Plaintiffs Tiffany Harris, Jennifer

Medenblik, Rebecca Oberdorf, and Michael Prins ("Plaintiffs"), individually and on behalf of all

others similarly situated, respectfully move for an Order consolidating the above-captioned matters: *Harris v. Mercy Health Network, Inc.*, No. 4:23-cv-00195-RGE-HCA (filed on June 12, 2023) ("*Harris Action*"); *Medenblik v. Trinity Health Corp.*, No. 4:23-cv-00197-SHL-SBJ ("*Trinity Action*"); and *Oberdorf, et al. v. Trinity Health Corp.*, No. 4:23-cv-00235-SHL-SBJ ("*Oberdorf Action*") into the first-filed action and the cases collectively be recaptioned as *In re MercyOne Health Network Data Breach Litigation*, Case No. 4:23-cv-00195-SHL-SBJ.

These actions arise out of the same operative allegations wherein Plaintiffs allege that a targeted cyber-attack allowed a third party to gain unauthorized access to the computer systems housing sensitive consumer data maintained by Defendants Mercy Health Network, Inc., Trinity Health Corporation, and Mercy Medical Center-Clinton, Inc. ("Defendants"). [1] Plaintiffs further allege that the cyber-attack exposed the confidential private information ("Private Information") of over 20,000 individuals and took place between March 7, 2023 and April 4, 2023 (the "Data Breach"). The Related Actions assert similar causes of action, define overlapping classes, and seek similar remedies as against a common defendant. To maximize efficiency and judicial economy, the Court should grant Plaintiffs' Motion, and consolidate the Related Actions.

## I.   BACKGROUND

Defendants comprise a medical network serving the communities of Iowa, Nebraska, and beyond.[2] The Related Actions each arise out of allegations that a targeted cyber-attack allowed a third party to gain unauthorized access to the computer systems housing sensitive consumer data maintained by Defendant. The Related Actions each allege that, Defendants failed to adhere to

---

[1] Defendant Trinity Health Corporation is incorporated in Indiana with its principal place of business in Michigan; MercyOne Health Network, Inc. and Mercy Medical Center-Clinton, Inc. have their principal places of business in Iowa. *See, e.g., Oberdorf*, Complaint, ECF No. 1., ¶¶ 18-20.

[2] *See, e.g.,* https://www.practicelink.com/facility/-Mercy-Medical-Center-Sioux-City-South-Sioux-City/Trinity-Health/ (last visited: August 30, 2023).

adequate data security practices, and further allege that the Private Information of Plaintiffs and 20,000 other patients across the country was accessed by a malicious actor via a ransomware attack (the "Data Breach").

Plaintiffs learned they were victims of the Data Breach, and each decided to file their respective class actions following their receipt of Notice of Data Incident letters from Defendant. Plaintiff Harris filed her action in this District on June 12, 2023. Plaintiff Medenblik filed her action in this District on June 12, 2023.  Plaintiffs Oberdorf and Prins filed their action in state court on June 12, 2023, which action was later removed to this District on July 12, 2023. Through their respective class actions, Plaintiffs allege a combination of the following causes of action against Defendants: (1) Negligence; (2) Negligence Per Se; (3) Breach of Contract; (4) Breach of Implied Contract; (5) Unjust Enrichment; and (6) Breach of Confidence.

## II.   CONSOLIDATION IS APPROPRIATE

### A. Legal Standard

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

*See* Fed. R. Civ. P. 42(a).

"Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiate, to consolidate causes for trial as may facilitate the administration of justice." *Cartee-Haring v. Cent. Bucks Sch. Dist.*, Case No. 20-cv-1995, 2021 WL 5506419, at *1 (E.D. Pa. Nov. 24, 2021) (quoting *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F. 2d 673, 675-76 (3d Cir. 1964)). To this end, courts have recognized that consolidation is appropriate in data breach cases where two or more cases arise from the same occurrence. *See, e.g.*, *Collins v. Rutter's Inc.*, Case No. 1:20-cv-00382, 2020 U.S. Dist. LEXIS 52214, at *6 (M.D.

Pa. Mar. 26, 2020) (consolidating two actions, as well as any future actions, arising out of a data breach and appointing interim co-lead counsel).

**B. Consolidation is appropriate.**

As noted above, the complaints in the three Related Actions relate to common factual allegations and legal theories. They assert multiple common causes of action against the same Defendant – Mercy Health Network, Inc. – relating to the same factual allegations, and seek the same relief in response to the same event (the Data Breach). The Related Actions each seek certification of similar overlapping classes and allege that Plaintiffs and Class Members suffered harm because their sensitive personal information, including Social Security numbers, was allegedly exposed to third parties without their authorization. Consolidation of the Related Actions is warranted because it will simplify discovery, pretrial motions, class certification, and other case management issues, especially given that the cases are at their procedural inception; consolidation will also avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party.

Courts consistently find that data breach class actions are particularly appropriate for consolidation. *See, e.g., Nelson v. Connexin Software Inc.*, No. 2:22-CV-04676, 2023 WL 2721657, at *1 (E.D. Pa. Mar. 30, 2023) (noting that nine data breach class actions filed in the same district court had been consolidated). *See, e.g., Kostka v. Dickey's Barbecue Rests., Inc.*, No. 3:20-cv-3424-K (N.D. Tex. Mar. 19, 2021), ECF No. 37 (ordering consolidation of three cases stemming from the same data breach); *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 142626, at *3 (D. Colo. Sep. 1, 2017) ("[B]oth actions are substantively identical and are in the same stage of litigation . . . arise out of the same occurrence: a data breach . . . ."); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 734, 745

(W.D.N.Y. 2017) (noting court had previously "issued an order consolidating . . . pursuant to Federal Rule of Civil Procedure 42(a)(2), and transferred the case" to one judge in large data breach litigation).

## III.  **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully ask the Court to grant their motion and enter an order consolidating the above-captioned Related Actions pursuant to FED. R. CIV. P. 42(a) under the title "*In re Mercy One Data Breach Litigation*."


Dated: August 31, 2023                     Respectfully submitted,

*/s/ Phil Krzeski*
Jeffrey O'Brien (admitted in USDC SD Iowa)
Bryan L. Bleichner (admitted *pro hac vice*)
Philip J. Krzeski (admitted *pro hac vice*)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
*jobrien@chestnutcambronne.com*
*bbliechner@chestnutcambronne.com*
*pkrzeski@chestnutcambronne.com*

Dylan J. Gould (*pro hac vice* pending)
Terry R. Coates (*pro hac vice* pending)
**MARKOVITS STOCK &
DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
dgould@msdlegal.com
tcoates@msdlegal.com

Josh Sanford (*pro hac vice* pending)
**SANFORD LAW FIRM, PLLC**
10800 Financial Centre, Pkwy., Ste. 510
Little Rock, Arkansas 72211

Phone: (501) 787-2040
josh@sanfordlaw.com

*Counsel for Tiffany Harris and the Putative Class*

Mason A. Barney*
Tyler J. Bean*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: mbarney@sirillp.com
E: tbean@sirillp.com

J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
**SHINDLER ANDERSON GOPLERUD &
WEESE PC.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
Email: goplerud@sagwlaw.com
marty@sagwlaw.com

*Counsel for Jennifer Medenblik and the Putative
Class*

Mason A. Barney*
Tyler J. Bean*
**SIRI & GLIMSTAD LLP**
745 Fifth Avenue, Suite 500
New York, New York 10151
Tel: (212) 532-1091
E: mbarney@sirillp.com
E: tbean@sirillp.com

J. Barton Goplerud, AT0002983
Brian O. Marty, AT0011622
**SHINDLER ANDERSON GOPLERUD &
WEESE PC.**
5015 Grand Ridge Drive, Suite 100
West Des Moines, Iowa 50265-5749
Telephone: (515) 223-4567
Facsimile: (515) 223-8887
Email: goplerud@sagwlaw.com

marty@sagwlaw.com

*Counsel for Plaintiff Rebecca Oberdorf and Michael
Prins and Putative Rule 23 Class*