# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re MercyOne Data Breach Litigation | Case No. 4:23-cv-00195-SHL-SBJ <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

Pursuant to Federal Rules of Procedure 12(b)(1) and 12(b)(6), Defendants Mercy Health Network, Inc. and Mercy Medical Center – Clinton, Inc. (collectively, "Mercy") move to dismiss Plaintiffs' Class Action Complaint and in support thereof, state as follows:

1.  Plaintiffs Tiffany Harris, Jennifer Mendenblik, Rebecca Oberdorf, Michael Prins, and Jeremy Shine filed a putative class action complaint alleging claims relating to a data breach, including claims for negligence, breach of contract and implied contract, unjust enrichment, breach of confidence, breach of fiduciary duty, and declaratory and injunctive relief. However, Plaintiffs lack standing because they have not alleged a cognizable or current injury that would support any viable claim against Mercy. Plaintiffs have additionally failed to state claims upon which relief can be granted because they do not plead cognizable damages nor the necessary elements of their purported claims.

2.  Particularly, Plaintiffs have not demonstrated that they suffered an injury in fact that is fairly traceable to Mercy's conduct, and that is likely to be redressed by the relief sought, nor have they alleged an imminent and substantial risk that actual harm will occur, as required by federally established standing principles. *In re SuperValu, Inc.* 870 F.3d 763 (8th Cir. 2017); *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016); *see also* FED. R. CIV. P. 12(b)(1). Such

principles preclude Plaintiffs' claims where they have only alleged the risk of a future injury, without demonstrating that the threatened injury is "certainly impending." *Id.*; *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 409 (2013).

3. In addition to failing to allege a cognizable injury, Plaintiffs also fail to plead the requisite elements of valid claims, and have therefore failed to state claims upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Specifically, Plaintiffs' negligence claims (Counts I and II) fail because Iowa does not recognize a common law duty to protect personal information, and the economic loss doctrine bars such claims. The breach of contract claims (Counts III and IV) fail because Plaintiffs fail to plead that Mercy contractually agreed to protect personal information, nor that they breached any express contractual obligations. The unjust enrichment claim (Count V) fails because Plaintiffs do not allege that Mercy received or retained any enrichment from the breach, and Plaintiffs' allegations for breach of confidence (Count VI) and breach of fiduciary duty (Count VII) fail because Iowa law does not recognize such claims.

4. To survive a motion to dismiss, a plaintiff's complaint must contain sufficient factual matter, which when accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* Should the well-pled facts not allow the court to infer more than the mere possibility of misconduct, the complaint has only alleged, rather than shown, an entitlement to relief and must consequently be dismissed. *Id.* at 679.

5. Mercy is filing herewith a memorandum of law in support of this motion, which is incorporated by reference.

For the reasons set forth herein and in its memorandum of law, Mercy Health Network, Inc. and Mercy Medical Center – Clinton, Inc. ask this Court to dismiss Plaintiffs' complaint against it with prejudice and for any other relief the court deems necessary and appropriate.

Respectfully submitted this 1st day of December, 2023.

/s/ *Thomas J. Joensen*
Thomas J. Joensen  AT0003868
Scott Schmookler (admitted *pro hac vice*)
Jenna M. Miller (admitted *pro hac vice*)
**Gordon Rees Scully Mansukhani LLP**
666 Grand Avenue, Suite 1701
Des Moines, Iowa 50309
Telephone: (515) 204-2845
Fax: (515) 466-2710
sschmookler@grsm.com
tjoensen@grsm.com
jmmiller@grsm.com

*Attorneys for Mercy Health Network, Inc. and Mercy Medical Center – Clinton, Inc.*