# THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re MercyOne Data Breach Litigation | Case No. 4:23-cv-00195-SHL-SBJ <br><br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

Dated: March 5, 2024

Respectfully submitted,

Gordon Rees Scully Mansukhani LLP
666 Grand Avenue, Suite 1701
Des Moines, Iowa 50309

*Attorneys for Mercy Health Network, Inc. and Mercy Medical Center – Clinton, Inc.*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

   I.    EIGHTH CIRCUIT AUTHORITY DEMONSTRATES LACK OF STANDING. ............. 1

   II.   PLAINTIFFS HAVE NOT STATED LEGALLY COGNIZABLE CLAIMS. ................ 4

CONCLUSION ................................................................................................................................ 5

# TABLE OF AUTHORITIES

**Cases**

*Austin-Spearman v. AARP*,
   119 F. Supp. 3d 1 (D.D.C. 2015) .................................................................................. 3

*Blankenship v. USA Truck*,
   601 F.3d 852 (8th Cir. 2010) .......................................................................................... 4

*Bowles v. Apro*,
   2019 WL 3082571 (E.D. Mo. 2019) ............................................................................... 4

*Carlsen v. GameStop*,
   112 F. Supp. 3d 855 (D. Minn. 2015),
   *aff'd*, 833 F.3d 903 (8th Cir. 2016) ............................................................................ 3, 5

*Castillo v. Unilever*,
   2022 WL 704809 (N.D. Ill. 2022) ................................................................................. 3

*Clapper v. Amnesty Int'l*,
   568 U.S. 398 (2013) ....................................................................................................... 1

*Clark v. Estate of Rice ex rel. Rice*,
   653 N.W.2d 166 (Iowa 2002) ..................................................................................... 1, 2

*Dodd v. Jones*,
   623 F.3d 563 (8th Cir. 2010) .......................................................................................... 4

*Haywood v. Novartis Pharm.*,
   298 F. Supp. 3d 1180 (N.D. Ind. 2018) .......................................................................... 4

*In re LinkedIn User Priv. Litig.*,
   932 F. Supp. 2d 1089 (N.D. Cal. 2013) .......................................................................... 3

*In re Pawn Am. Consumer Data Breach Litigation*,
   2022 WL 3159874 (D. Minn. 2022) ............................................................................... 2

*In re SuperValu*,
   2016 WL 81792 (D. Minn., Jan. 7, 2016) ....................................................................... 2

*In re SuperValu*,
   870 F.3d 763 (8th Cir. 2017) .......................................................................................... 1

*In re SuperValu, Inc.*,
   925 F. 3d 955 (8th Cir. 2019) .............................................................................. 1, 2, 4, 5

*Irwin v. Jimmy John's Franchise, LLC*,
   175 F. Supp. 3d 1064 (C.D. Ill. 2016) ............................................................................ 3

*Kuhns v. Scottrade*,
    868 F.3d 711 (8th Cir. 2017) ............................................................................................... 5

*Link v. Lawrence Mem. Hosp.*,
    2022 WL 11089239 (D. Kan. 2022) ..................................................................................... 4

*McGlenn v. Driveline Retail Merch., Inc.*,
    2021 WL 4301476 (C.D. Ill. 2021) ....................................................................................... 4

*Mladenov v. Wegmans*,
    124 F. Supp. 3d 360 (D.N.J. 2015) ....................................................................................... 3

*Morgan v. Unidynamic*,
    868 F.2d 992 (8th Cir. 1989) ................................................................................................ 5

*Perry v. Bay & Bay*,
    650 F. Supp. 3d 743 (D. Minn. 2023) ................................................................................... 2

*Pulliam v. W. Tech. Grp.*,
    2024 WL 356777 (D. Neb. Jan. 19, 2024) ........................................................................ 2, 3

*Rodriguez v. Mena Hosp.*,
    2023 WL 7198441 (W.D. Ark. 2023) ................................................................................... 2

*TransUnion v. Ramirez*,
    594 U.S. 413 (2021) .............................................................................................................. 3

*Webb v. Smith*,
    936 F.3d 808 (8th Cir. 2019) ................................................................................................ 5

*Weisenberger v. Ameritas Mut. Hold. Co.*,
    597 F. Supp. 3d 1351 (D. Neb. 2022) ................................................................................... 4

**INTRODUCTION**

Plaintiffs' action contravenes three binding legal rulings set by the United States Supreme Court, the Eighth Circuit Court of Appeals and Iowa Supreme Court. First, the Supreme Court conclusively held that Plaintiffs lack standing absent a current, compensable injury. *Clapper v. Amnesty Int'l,* 568 U.S. 398, 409 (2013). Second, the Eighth Circuit affirmed dismissal of claims following a data breach where, as here, the plaintiffs allege the risk of future harm and did not allege financial harm. *In re SuperValu, Inc.*, 925 F. 3d 955, 964 (8th Cir. 2019). Third, the Iowa Supreme Court has held that emotional distress is not recoverable absent intentional conduct or physical injury. *Clark v. Estate of Rice ex rel. Rice*, 653 N.W.2d 166, 169 (Iowa 2002).

In combination, these cases recognize that an alleged victim of a data breach may not recover emotional distress damages and may not pursue a claim based upon an alleged fear of future harm. Instead, the plaintiff must allege the existence of actual financial injury. Plaintiffs allege no such damages, but instead predicate their claim on speculation —in direct contravention of *SuperValu*. Because precedent mandates dismissal, Plaintiffs cite distinguishable and immaterial authority. They do so because application of binding authority and Iowa law demonstrates that they lack standing and fail to allege a viable claim recognized under Iowa law.

**I.    EIGHTH CIRCUIT AUTHORITY DEMONSTRATES LACK OF STANDING.**

*SuperValu* considered and rejected Plaintiffs' principal theories of damages: the risk of future injury and potentially fraudulent charges. First, the initial *SuperValu* decision held that the risk of future injury (or efforts to prevent future injury) to establish standing because such a "speculative threat cannot create an injury" or support standing. *In re SuperValu*, 870 F.3d 763, 771 (8th Cir. 2017). Second, the second *SuperValu* decision then affirmed dismissal with prejudice despite alleged fraudulent charges because "… federal law and card-issuer contracts ordinarily absolve the consumer from any obligation to pay the fraudulent charge." *In re SuperValu*, 925

1

F.3d at 964-5; *see also Pulliam v. W. Tech. Grp.*, 2024 WL 356777, at *6 (D. Neb. Jan. 19, 2024).

Plaintiffs ask this Court to ignore binding Eighth Circuit precedent in favor of distinguishable district court decisions. Plaintiffs' cases are distinguishable for two reasons. First, the plaintiffs therein alleged financial harm,[1] while the Plaintiffs in this case do not do so. Second, Plaintiffs' cases involve instances where state law allowed claims for emotional distress. *In re Pawn Am*, 2022 WL 3159874, at *3.  In contrast, Iowa law does not permit recovery of emotional distress absent intentional conduct or physical injury.  *Clark*, 653 N.W.2d at 169.  Thus, these cases do not support Plaintiffs' claims or supersede binding precedent mandating dismissal.

Third, Plaintiffs suggest that its cases permit standing based upon an alleged diminution in value of their personal information, an interest in privacy of their information, and the lost benefit of an implied bargain for data security.  Contrary to Plaintiffs' suggestion, there is no "growing trend" of authority upholding those theories. Indeed, many of Plaintiffs cases fail to address standing.  Even if they did so, *SuperValu* represents binding authority and debunks their claims. The plaintiffs in *SuperValu* alleged that their harms included "diminished value of their PII." *In re SuperValu*, 2016 WL 81792, at *2 (D. Minn., Jan. 7, 2016). The district court rejected that notion and dismissed the case based upon lack of standing. *Id.* at *7.  Although the *SuperValu* plaintiffs raised the argument on appeal,[2] the Eighth Circuit affirmed dismissal—demonstrating that an alleged diminution in value claim does not support standing.

Unable to support a claim for cognizable injury, Plaintiffs volley the conclusion that they did not receive the "benefit of the bargain."  They do not, however, allege any facts to support

---

[1] *In re Pawn Am. Consumer Data Breach Litigation*, 2022 WL 3159874, at *3 (D. Minn. 2022) (plaintiff alleged out-of-pocket costs following identity theft); *Perry v. Bay & Bay*, 650 F. Supp. 3d 743, 747 (D. Minn. 2023) (plaintiff pled that he incurred $500 in damages due to misuse of data); *Rodriguez v. Mena Hosp.*, 2023 WL 7198441 (W.D. Ark. 2023) (Plaintiffs alleged $1,400 in actual damages).

[2] Attached as Exhibit 1 is the Appellants' opening brief in *SuperValu*.  Plaintiffs asserted the alleged diminution in value of their PII as injury and grounds for standing. (See Exhibit 1, pg. 12).

their speculation that they would have paid for medical services had they known of defendant's data security. That failure mandates dismissal because Plaintiffs cannot rely upon conclusions to avoid a motion to dismiss.[3] To that end, the Eighth Circuit rejected an analogous claim in *Carlsen v. GameStop*, 112 F. Supp. 3d 855, 862 (D. Minn. 2015), *aff'd*, 833 F.3d 903, 911 (8th Cir. 2016) because plaintiff did not allege that he paid specific amount for data security.[4]  Plaintiffs allege no basis for such a claim here, as they never allege any facts suggesting that they paid anything for data security or that any portion of their payment was allocated to protection of their data.

Plaintiffs' thesis regarding the value of their PII fails because under Supreme Court authority, an injury must bear a "'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion v. Ramirez*, 594 U.S. 413, 424 (2021).[5]  Technological evolutions are not "an open-ended invitation for federal courts to loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts." *Id*. at 424–5.  Courts find no analogy to the Plaintiffs' theoretic injury and thus, reject the notion that an alleged diminution in value of information or establishes standing.[6] Likewise, Plaintiffs cannot create an injury based upon any value of intangible information.

Applying *SuperValu*, Plaintiffs lack standing because they have not alleged any financial injury (let alone a financial injury fairly traceable to the MercyOne breach).  Even if the Court

---

[3] A conclusory statement that plaintiff did not receive "benefit of the bargain" does not suffice under Rule 12(b)(6). *Austin-Spearman v. AARP*, 119 F. Supp. 3d 1, 9 (D.D.C. 2015); *Mladenov v. Wegmans*, 124 F. Supp. 3d 360, 372-376 (D.N.J. 2015); *Castillo v. Unilever*, 2022 WL 704809 at *5-6 (N.D. Ill. 2022).

[4] Other courts reject that failure to receive the benefit of the bargain establishes standing. *Pulliam*, 2024 WL 356777, at *6; *Irwin v. Jimmy John's Franchise, LLC*, 175 F. Supp. 3d 1064, 1071–72 (C.D. Ill. 2016); *In re LinkedIn User Priv. Litig.*, 932 F. Supp. 2d 1089, 1093 (N.D. Cal. 2013).

[5] Plaintiffs' reliance on *In re Pawn Am.* is misplaced because that court held that an "interest in the security of one's private data does not equate to a substantial and imminent risk of harm." 2022 WL 3159874, at *3.

[6] Courts agree that "diminished value of Plaintiffs' personal information is not an injury sufficient to confer standing." *Pulliam*, 2024 WL 356777, at *7; *see also Rudolph v. Hudson's Bay Co.*, 2019 WL 2023713, at *8 (S.D.N.Y. May 7, 2019); *Svenson v. Google*, 2016 WL 8943301, at *9 (N.D. Cal. Dec. 21, 2016).

accepts their allegations as true, their claims do not allege a cognizable injury because they allege emotional distress (without alleging an intentional tort by Mercy or physical injury), and allegedly fraudulent charges (without alleging financial responsibility for any such charge).  Because they do not allege a cognizable injury, Plaintiffs lack standing and their claims should be dismissed.

## II.    PLAINTIFFS HAVE NOT STATED LEGALLY COGNIZABLE CLAIMS.

Even if the Plaintiffs had standing (which they do not), their complaint should still be dismissed because they do not state legally cognizable claims. Plaintiffs again rely on precedent from other jurisdictions because Iowa law or Eighth Circuit precedent reject their claims.

*Negligence*: Plaintiffs' negligence claims fail because the Eighth Circuit rejected a common law duty to protect or safeguard information. *SuperValu*, 925 F.3d at 963-4; *Blankenship v. USA Truck*, 601 F.3d 852, 856 (8th Cir. 2010). Plaintiffs attempt to distinguish this case on the theory that HIPAA mandates protection of their data, but HIPAA does not provide a private right of action.  *Dodd v. Jones*, 623 F.3d 563 (8th Cir. 2010). Plaintiffs may not now circumvent the absence of such an action with a common law negligence claim.  As a result, courts reject that any such statutory duty supports such a claim.  *See, e.g. Link v. Lawrence Mem. Hosp.*, 2022 WL 11089239, at *4-5 (D. Kan. 2022); *Bowles v. Apro*, 2019 WL 3082571, at *5 (E.D. Mo. 2019); *Haywood v. Novartis Pharm.*, 298 F. Supp. 3d 1180, 1190 (N.D. Ind. 2018).

***Breach of Fiduciary Duty*:** Plaintiffs' fiduciary duty claim fails because no Iowa court has ever imposed a fiduciary duty on a medical provider, let alone held that any such duty requires a medical provider to guarantee security.  Such a relationship does not exist solely because one possession of data. *Weisenberger v. Ameritas Mut. Hold. Co.*, 597 F. Supp. 3d 1351, 1367-8 (D. Neb. 2022); *McGlenn v. Driveline Retail Merch., Inc.*, 2021 WL 4301476, at *7-8 (C.D. Ill. 2021).

*Contract:* Plaintiff's contract action fails because Plaintiffs do not allege a contractual duty to protect information or breach thereof. Although they pled no claim based upon defendant's

Privacy Policy,[7] they now cite that policy as ground for their claim. Even if that policy constituted a contract, courts only permit a claim based upon a privacy policy if it affirmatively promises data security. *Kuhns v. Scottrade*, 868 F.3d 711, 717 (8th Cir. 2017). Plaintiffs cite no such provision or agreement guaranteeing data security and thus, do not allege an actionable breach of contract.

***Unjust Enrichment***: Plaintiffs' unjust enrichment action fails because Mercy did not benefit in any way from the alleged data breach, nor from Plaintiffs' alleged loss. While Plaintiffs allege that they paid Mercy for a service, the Eighth Circuit has twice considered and twice rejected such a claim. The Eighth Circuit has twice held that payment for services did not permit a plaintiff to pursue an unjust enrichment claim following a data breach pricing for common services does not include compensation for data security. *SuperValu*, 925 F.3d at 966; *Carlsen*, 833 F.3d at 912. As in those cases, Plaintiffs paid for and received medical services. That payment did not include a separable payment for data security and thus, Plaintiffs' claim for unjust enrichment fails.

***Declaratory/Injunctive Relief:*** Plaintiffs' claims fail because they have not adequately pled any immediate or impending harm that would warrant judicial interference. Instead, Plaintiffs' alleged injuries are abstract and entrenched in fears of future harm rather than actual and imminent harm. *Webb v. Smith*, 936 F.3d 808, 815 (8th Cir. 2019). Even Plaintiffs' own cases reject their claim—as *Pawn America* found that plaintiffs did not have standing for their injunctive and declaratory relief. 2022 WL 3159874, at *3. Because Plaintiffs have failed to demonstrate the imminence of any injury, their declaratory and injunctive relief claims must fail.

## CONCLUSION

WHEREFORE, Defendant requests dismissal of the Consolidated Complaint with prejudice and without leave to amend, and for any other relief the court deems appropriate.

---

[7] Because Plaintiffs never pled any claim based thereon and cannot now use materials outside the complaint to oppose this motion. *Morgan v. Unidynamic*, 868 F.2d 992, 995 (8th Cir. 1989).

Dated: March 5, 2024                        Respectfully submitted,

                                                 /s/ *Thomas J. Joensen*
                                                 Thomas J. Joensen  AT0003868
Scott Schmookler (admitted *pro hac vice*)
Jenna M. Miller (admitted *pro hac vice*)
**Gordon Rees Scully Mansukhani LLP**
666 Grand Avenue, Suite 1701
Des Moines, Iowa 50309
Telephone: (515) 204-2845
Fax: (515) 466-2710
tjoensen@grsm.com
sschmookler@grsm.com
jmmiller@grsm.com

*Attorneys for Mercy Health Network, Inc. and Mercy Medical Center – Clinton, Inc.*